UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ASCENT MANAGEMENT, INC., AND MARWAN DEEK, | : : : | Case No. 3:23-cv-00004 |
| Plaintiffs, | : : | Judge Thomas M. Rose |
| v. | : : | |
| SHELL OIL COMPANY, SHELL LEASING COMPANY, SHELL PETROLEUM, INC., TRUE NORTH ENERGY, INC., PETROLEUM SOLUTIONS, INC., AND VERIFONE, | : : : : : : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING, IN PART, DEFENDANTS, SHELL OIL COMPANY, SHELL LEASING COMPANY, SHELL PETROLEUM INC., AND TRUE NORTH ENERGY, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH MEMORANDUM IN SUPPORT (DOC. 20) AND DISMISSING WITHOUT PREJUDICE AS WELL AS DENYING AS MOOT ALL OTHER PENDING MOTIONS (DOCS. 14, 21)**

This case is before the Court on Defendants, Shell Oil Company, Shell Leasing Company, Shell Petroleum Inc., and True North Energy, LLC's Motion to Dismiss Plaintiffs' Complaint with Memorandum in Support ("Motion to Dismiss") (Doc. No. 20.)  The Motion to Dismiss was filed by Defendants Shell Oil Company ("Shell Oil"), Shell Leasing Company ("Shell Leasing"), Shell Petroleum, Inc. ("Shell Petroleum"), and True North Energy, LLC ("True North Energy") (collectively, the "Defendants"). The Defendants argue that the case must be dismissed pursuant to Fed. R. Civ. P. 12(B)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state a claim. (Doc. No. 20 at PageID 169.) Plaintiffs Ascent Management, Inc. ("Ascent Management"), and Marwan Deek ("Deek") (collectively, the

"Plaintiffs") filed Plaintiffs' Opposition to Motion to Dismiss by Defendants Shell and True North Energy ("Opposition") on April 17, 2023. (Doc. No. 29.) Defendants filed Defendants, Shell Oil Company, Shell Leasing Company, Shell Petroleum Inc., and True North Energy, LLC's Reply Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint ("Reply") on May 2, 2023. (Doc. No. 35.) The matter is now ripe for review and decision. As discussed below, the Court **GRANTS**, in part, Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

I.  **BACKGROUND**

In their Complaint, Plaintiffs allege that federal jurisdiction exists exclusively in the form of diversity jurisdiction because the parties are citizens of different states. (Doc. No. 1 at PageID 5.) Specifically, Plaintiffs assert that Ascent Management is a C Corporation registered in the State of Ohio with its principal office in Columbus, Ohio. (Doc. No. 1 at PageID 2.) Plaintiffs also allege that Deek is domiciled in Columbus, Ohio. (*Id*.) Regarding the Defendants, Plaintiffs allege the following: 1) Shell Leasing, Shell Oil, and Shell Petroleum are subsidiaries of Royal Dutch Shell which is a Delaware corporation with its principal place of business in Houston, Texas; 2) True North Energy is a limited liability corporation organized under the laws of Delaware with its principal place of business in Toledo, Ohio; 3) Petroleum Solutions is a Texas corporation with its principal place of business in McAllen, Texas; and 4) Verifone is a Delaware corporation with its principal place of business in San Jose, California. (*Id*. at PageID 2-4.)

In response, the Defendants allege that the Plaintiffs are incorrect about their jurisdictional characterization of True North Energy. (Doc. No. 20 at PageID 179.) Defendants assert that True North Energy is a Delaware limited liability company whose members are True North Holdings, Inc. ("True North Holdings"), an Ohio corporation with its principal place of business in Ohio, and Equilon Enterprises, LLC ("Equilon"), another limited liability company. (*Id.*) The members

2

of Equilon are Shell Ohio Products Company, LLC ("Shell Ohio"), a Delaware limited liability company, and TMR Company, LLC ("TMR"), another Delaware limited liability company. (*Id*.) Shell Ohio and TMR share as their members Shell Petroleum N.V. and Shell plc, both foreign corporations, as well as, Shell USA, Inc., and Shell Petroleum, both Delaware corporations with their principal place of business in Texas. (*Id*. at PageID 179-80.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Accordingly, "[u]nlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* Subject matter jurisdiction refers to the cases that "fall 'within a court's adjudicatory authority.'" *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Under 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts authority over cases where there is a federal question or diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "The party invoking federal court [diversity] jurisdiction … has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For individuals, citizenship is based on domicile which "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A corporation is a citizen of both the state of its incorporation and the state where it has its principal

place of business. 28 U.S.C. § 1332(c)(1). In contrast, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Because federal courts require adjudicative authority to decide cases, parties may move to dismiss a claim or cause of action for lack of subject matter jurisdiction under Rule 12(b)(1). Motions to dismiss under Rule 12(b)(1) generally come in two forms: facial and factual. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The Court in *Ohio Nat. Life Ins. Co.* described the difference as follows:

> A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.

*Ohio Nat. Life Ins. Co.*, 922 F.2d at 325 (internal citations omitted). "When a defendant moves to dismiss for lack of subject matter jurisdiction 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)). A motion to dismiss for lack of subject matter jurisdiction "must be considered before other challenges since the court must find jurisdiction before determining the validity of a claim." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988), *overruled on other grounds*. "A 'dismissal for lack of subject matter jurisdiction should normally be without prejudice.'" *Ward v. Nat'l*

4

*Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 363 (6th Cir. 2021) (quoting *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018)).

### III.  ANALYSIS

This case is in federal court based upon Plaintiffs' assertion that diversity jurisdiction exists. (Doc. No. 1 at PageID 5.) Defendants have countered that assertion by arguing that there is not complete diversity. (Doc. No. 20 at PageID 179.) Defendants submitted an affidavit from Ryan Howard ("Howard"), Chief Operations Officer for True North Energy, as evidence in support of this argument. (Doc. No. 20-3 at PageID 264-65.) Thus, the Motion is a factual attack requiring this Court to "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325.

The Parties agree that True North Energy is a limited liability company, while disagreeing about the legal effect that organizational structure has on True North Energy's citizenship for the purposes of diversity jurisdiction. As outlined above, limited liability companies are, for the purposes of diversity jurisdiction, citizens of each state in which one of their members is a citizen. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d at 1005. Howard's affidavit shows that one member of True North Energy, True North Holdings, is a citizen of Ohio because it is incorporated in Ohio and has its principal place of business in Ohio. (Doc. No. 20-3 at PageID 264.)

Plaintiffs argue in response that Howard's affidavit shows that "the majority of [True North Energy's] members (all but one) are not residents or domiciles of Ohio." (Doc. No. 29 at PageID 342.) Based on this, Plaintiffs would apply the nerve center test to True North Energy to determine whether it is a citizen of Ohio. (*Id.*) (citing *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the determination of a principal place of business for a corporation is best

5

accomplished under the nerve center test by looking to where "a corporation's officers direct, control, and coordinate the corporation's activities.")). As already discussed, Plaintiffs misunderstand the legal standard for determining the citizenship of a limited liability company. Plaintiffs have failed to satisfy their burden of proving that jurisdiction does exist. The Court finds, based upon the evidence presented, that Defendant True North Energy is a citizen of Ohio. Because both Plaintiffs are also citizens of Ohio, this destroys complete diversity leaving the Court without jurisdiction over this case.

Plaintiffs appear to request, in the alternative, that this Court remand the action to an Ohio state court pursuant to Ohio Rev. Code § 2305.19. (Doc. No. 29 at PageID 342.) However, this case was originally brought in federal court, and as such, cannot be remanded to state court. The statute allows a new action to be brought in state court within one year of dismissal or within the period of the original applicable statute of limitations, whichever occurs later. Ohio Rev. Code § 2305.19. It does not provide for the remand of an action from federal court to state court that was never brought in state court in the first place.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS**, in part, the Defendants' Motion to Dismiss (Doc. 20) and **DISMISSES** this case in its entirety without prejudice. Accordingly, Defendants' Motion to Dismiss for failure to state a claim is denied as moot. The Court also finds as moot all other pending motions. (Docs. No. 14, 21.) This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 19, 2023.[1]

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution and assistance of judicial intern Jacob Redden in drafting this order.